**FILED**

**February 2, 2024**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| SNYDER LODGING GROUP, LLC D/B/A HAMPTON INN SNYDER | § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | CIVIL ACTION NO. 5:23-CV-193 |
| ACUITY, A MUTUAL INSURANCE COMPANY | § § § § | |
| **Defendant.** | § § | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Snyder Lodging Group, LLC d/b/a Hampton Inn Snyder files this Plaintiff's Amended Complaint complaining of Defendant, Acuity, A Mutual Insurance Company, and would show unto the Court and Jury as follows:

**I. THE PARTIES**

1.     Plaintiff is a Texas Limited Liability Company and owns the property made the basis of this action.

2.     Defendant Acuity, A Mutual Insurance Company ("Acuity") ") is a licensed insurance company engaging in the business of insurance in the State of Texas. Defendant has been duly served and has made an appearance in this case.

**II. CLAIM FOR RELIEF & JURISDICTION**

3.     Per Rule 8(a) of the Federal Rules of Civil Procedure, this Court already has jurisdiction, and this claim needs no new jurisdictional support. Plaintiff is entitled to relief and currently seeks actual damages consisting of unpaid policy benefits plus prompt pay interest, additional damages and reasonable and necessary attorneys' fees. A jury, however, will ultimately

determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

4.    This case was removed from Texas District Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that Plaintiff and Defendant are citizens of different states and the amount in controversy exceed $75,000, excluding interest and costs.

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff reserves the right to amend its complaint during and/or after the discovery process or whenever circumstances dictate.

6.    This Court has jurisdiction over Defendant, Acuity, because Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiff would also show that Defendant, Acuity, has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

### III. STATEMENT OF FACTS

7.    Plaintiff owns property located at 1801 E. Roby Hwy., Snyder, Texas (the "Property")

8.    Plaintiff is a named insured under a policy of insurance issued by Acuity which covers the Property during the date of loss made the subject of this action. All premium payments required to be paid for the Policy had been paid as of the time of the Loss and said policy was in full and effect without lapse during the applicable policy period. The Policy provides coverage for damage to the Property caused by wind and/or hail.

**PLAINTIFF'S AMENDED COMPLAINT**                                   **PAGE 2 OF 10**

9.        On or about May 16, 2021, or during another time within the policy period, the Property sustained damages resulting from wind and/or hail (the "Loss"). After discovering storm damage to the Property, Plaintiff reported a claim to Defendant Acuity in accordance with the terms of the Policy (the "Claim").

10.        Plaintiff cooperated with Defendant during the investigation of the Claim by making the Property available for inspections by Defendant's consultants and adjusters and by providing all available documentation responsive to requests by the carrier.

11.        Plaintiff hired Pinnacle Limited to assist with the presentation of the Claim. Pinnacle representatives inspected the Property and conducted an exhaustive inspection of the roof and exterior elevations. Pinnacle provided evidence of significant damage to the Property, including numerous photographs of the Property's roof and exterior elevations. The photographs submitted show damage principally to the front/south elevation, as well as sporadic hail damage to the other elevations of the Property, among other areas of the Property.

12.        Defendant issued payment on or about July 28, 2021 to Plaintiff for the damages believed to be owed at that time. However, further investigation by Pinnacle determined the amount paid by Defendant was insufficient to repair the Property to the condition it was in prior to the Loss.

13.        After an attempt to reach an agreement on the scope of damage and repair methods to be implemented to effectuate repairs to restore the Property to the condition it was in immediately prior to the Loss, Defendant retained Nelson Forensics ("Nelson") to inspect the Property and opine on the reported damage. Nelson issued a report on March 7, 2022 to Defendant setting forth its findings concerning the damages to the Property. Defendant thereafter maintained its claim decision based upon the conclusions reached by Nelson.

**PLAINTIFF'S AMENDED COMPLAINT**                                                **PAGE 3 OF 10**

14.     Plaintiff thereafter hired W. Tom Witherspoon, Ph.D., P.E. to inspect the Property and provide an additional opinion on the scope of damages and amount of loss, including necessary repairs caused by the Loss. Dr. Witherspoon inspected the Property on September 27, 2022 with representative Kyle Hicks and Jacob Shaw of Pinnacle Limited. The inspection included physically observing and photographing selected surfaces of the Property.

15.     Following his inspection and after considering relevant documentation, Dr. Witherspoon issued his report setting forth the additional repairs to the Property required due to the Loss. A copy of Dr. Witherspoon's report was provided to Pinnacle and Pinnacle issued a supplemental estimate consistent with Dr. Witherspoon's findings.

16.     A copy of Dr. Witherspoon's report was provided to Defendant along with a copy of Pinnacle's updated estimate with a request for Defendant to reconsider its claim decision and fully pay the Claim. However, despite receiving additional evidence of the underpayment of the Claim and support for the additional payment to Plaintiff, Defendant has maintained its improper Claim decision.

17.     Plaintiff cooperated with Defendant during the investigation of the Claim by responding to inquiries and making the Property available for inspections by Defendant and its consultants. Despite evidence of a covered loss involving additional damage to the Property, Defendant has failed to fully and timely pay the Claim for covered damages. Defendant's inadequate investigation, including the wrongful denial of full policy benefits, has necessitated the filing of this suit.

## IV. CLAIMS AGAINST DEFENDANT ACUITY

### A. Breach of Policy Contract

18.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Acuity.

19.     The Policy purchased from Defendant Acuity was in full force and effect at the time of the storm damage to its Property. The policy provides that in the event a covered loss occurs to the subject property during the applicable policy period, Defendant will pay the insured the cost of repair or replacement of the damage with like kind and quality. The Policy at issue does not exclude or otherwise limit loss or damage caused by the subject Loss at issue. Accordingly, the event constitutes a covered peril causing direct physical loss to the Property.

20.     Plaintiff would show that it timely submitted a notice of claim in accordance with the terms of the policy. Defendant processed the claim but has refused and failed to fully pay according to its obligations under the contract of insurance, and by failing to do so has breached the contract.

21.     The aforementioned acts, omissions, failures, and conduct of Acuity are a proximate cause of Plaintiff's damages.

### B. Common Law Cause of Action

22.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Acuity.

23.     By its acts, omissions, failures and conduct, Defendant Acuity breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim without

any reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. Defendant also breached its duty by unreasonably delaying payment of Plaintiff's claim for damage to its Property and by failing to settle Plaintiff's entire claim when Defendant knew or should have known that it was reasonably clear that the claim was covered.

24.     The aforementioned acts, omissions, failures, and conduct of Acuity are a proximate cause of Plaintiff's damages.

### C. <u>Texas Insurance Code Violations</u>

25.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Acuity.

26.     By its acts, omissions, failures and conduct, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance in violation of Tex. Ins. Code §§ 541.051 and 541.060. Such violations include, without limitation, the conduct described in paragraphs 7-17 of this complaint plus Defendant's unreasonable delays in the investigation and resolution of Plaintiff's claim and its failure to pay Plaintiff's claim after liability had become reasonably clear.

27.     Specifically, the actions of Defendant as set forth in paragraphs 7-17 herein, constitute the following unfair insurance practices:

   a.     Engaging in unfair claims settlement practices and prohibited by Section 541.060(a)(1) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by misrepresenting to a claimant a material fact or policy provision relating to coverage;

   b.     Engaging in unfair claims settlement practices prohibited by Section 541.060(a)(2)(A) of the Texas Insurance Code and Section 17.50(A)(4) of the DTPA by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.  Engaging in unfair claims settlement practices prohibited by Section 541.060(a)(3) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

d.  Engaging in unfair claims settlement practices prohibited by Section 541.060(a)(4) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights to a policyholder; and,

e.  Engaging in unfair claims settlement practices prohibited by Section 541.060(a)(7) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

28.  Each of the above-described acts, omissions and failures of Defendant Acuity were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## D. DTPA Violation

29.  Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Acuity.

30.  Defendant's conduct, acts, omissions and failures as described in paragraphs 7-17 herein constitutes the use or employment by any person of an act or practice in violation of Tex. Ins. Code Ch. 541, giving Plaintiff the right to relief pursuant to Tex. Bus. & Com. Code § 17.50(a)(4).

31.  Each of the above-described acts, omissions and failures of Defendant Acuity were a proximate and producing cause of Plaintiff's damages. Further, said deceptive acts and practices

were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### E. Violation of Prompt Payment of Claims Act

32.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Acuity.

33.    Defendant violated the Prompt Payment of Claims Act, Tex. Ins. Code § 542.051, by failing to properly and timely investigate and fully pay Plaintiff's claim.

34.    Defendant's failure to pay Plaintiff's claim within 60 days of receipt of all items, statements and forms reasonably requested constitutes an automatic violation of Section 542.058 which provides: "Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."

35.    Defendant's wrongful rejection of the claim necessarily means it failed to pay within 60 days, thus automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including reasonable and necessary attorneys' fees.

### V. CONDITIONS PRECEDENT

36.    All conditions precedent necessary to maintain this action have been performed, have occurred, or could not be timely accomplished prior to filing of suit. This suit was filed within two years from the date the cause of action accrued.

## VI. ALTERNATIVE PLEADING

37.    Pursuant to Fed. R. Civ. P. 8, Plaintiff elects to plead in the alternative.

## VII. DAMAGES

38.    The above-described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, the cost to properly and fully repair its Property. Plaintiff is also entitled to recover the amount of its claim plus penalty interest under Tex. Ins. Code § 542.060.

## VIII. ADDITIONAL DAMAGES

39.    Defendant knowingly and intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

40.    Because of Defendant's knowing and/or intentional misconduct, Plaintiff is entitled to additional damages pursuant to the Tex. Bus. & Comm. Code § 17.50(b)(1) and Tex. Ins. Code § 541.152.

## IX. ATTORNEYS' FEES

41.    Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Tex. Bus. & Comm. Code § 17.50(d), Tex. Ins. Code §§ 541 and 542 and Tex. Civ. Prac. & Rem. Code 38.001.

## X. JURY DEMAND

42.    Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby makes a jury demand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final jury trial, Plaintiff be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre and post-judgment interest at the highest rate permitted by law,

damages authorized by the Texas Insurance Code and Texas Business and Commerce Code, and

for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamkendall.com
State Bar No. 00792550
William A. Kendall
wkendall@grishamkendall.com
State Bar No. 24004736
GRISHAM & KENDALL, PLLC
5910 N. Central Expy., Ste. 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 308-2036

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.

*/s/ Robert N. Grisham II*
Robert N. Grisham II